UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNIE BROWNSTEIN                              JURY TRIAL DEMANDED

v.                                             CASE NO.  3:13CV

ADAM J. SHELTON
EQUITY RECOVERY SERVICE, LLC

## COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA); the common law of unjust enrichment and conversion, and seeks statutory treble damages for conversion. Conn. Gen. Stat. § 52-564.

2.  JURISDICTION is based on 15 U.S.C. § 1692k; 28 U.S.C. §§1331, 1367.

3.  VENUE: Plaintiff is a natural person who has resided in Connecticut at all relevant times.

4.  This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

5.  The FDCPA was enacted because "Existing laws and procedures for redressing [consumer] injuries are inadequate to protect consumers." § 1692(b).

6.  The FDCPA preempts state laws that are less protective of consumers. §1692n.

7.  Attorneys were included within the FDCPA when Congress found that "[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA].  There is no indication that this is about to change.  Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act." H.R. Rep. No. 405 at 7, reprinted in 1986

U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

8. Plaintiff is an individual who resides in Connecticut.

9. Defendants regularly engage in the practice of consumer debt collection by directly or indirectly collecting debt using instruments of interstate commerce, including mails and telephone.

10. Defendant Equity was in the business of buying consumer debt and suing thereon.

11. Defendants filed at least 80 collection cases in small claims courts and obtained judgments thereon.

12. Prior to the repeal of Conn. Gen. Stat. § 52-349 in 1983, postjudgment interest automatically accrued on a judgment.

13. In and after 1983, postjudgment interest could be awarded only by a court, in its equitable discretion.

14. In 2002, defendants obtained a small claims judgment in the amount of $3,615.01 on a personal credit card belonging to plaintiff. No interest was awarded

15. Plaintiff paid on the judgment for many years.

16. In April 2013, defendants informed plaintiff that they had added interest to the judgment and had collected interest in the amount of $2,067.

17. Defendants informed plaintiff that she still owed a balance of $366.67 "including the remaining judgment principal, court costs, and interest that is accruing thereon at 8% per year in accordance with Connecticut General Statute § 37-1."

18. Defendants had a pattern and practice of self-adjudicating interest despite the prohibition of §37-3a and longstanding and consistent case law to the contrary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against each defendant for statutory damages for violation of §1692d, -e, or –f(1), pursuant to 15 U.S.C. § 1692;

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(c) That the Court award actual damages and grant such other and further relief as may be just and proper, including treble damages for conversion, an injunction barring any collection of interest on a judgment unless a court has awarded it, and disgorgement of interest collected as to any judgment that did not include interest.

THE PLAINTIFF

BY  /s/ **Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net