UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNIE BROWNSTEIN                            JURY TRIAL DEMANDED

v.                                           CASE NO.  3:13-CV-0493 (CSH)

ADAM J. SHELTON
EQUITY RECOVERY SERVICE, LLC                 JULY 15, 2013

REPORT OF PARTIES' PLANNING MEETING

Date complaint filed:  April 10, 2013

Date complaint served:  April 11, 2013

Date of first defendant's appearance:  May 30, 2013

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, the parties conferred May

28, 2013 and thereafter. The participants were:

>       Joanne S. Faulkner for the plaintiff

>       James Fiore for defendant Attorney Adam J. Shelton

>       James Sullivan for defendant Equity Recovery Service, LLC

I.      CERTIFICATION.

        Undersigned certify they have addressed the nature and basis of the parties' claims and

defenses and any possibility for achieving a prompt settlement or other resolution of the case.

Counsel further certify that they have forwarded a copy of this report to their clients.

II.     JURISDICTION.

A.      Subject matter jurisdiction alleged:  15 U.S.C. §1692k.

B.      Personal jurisdiction:  Jurisdiction is not contested.

III.    BRIEF DESCRIPTION OF CASE:

        1.      Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA"), the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA); the common law of unjust enrichment and conversion, and seeks statutory treble damages for conversion. Conn. Gen. Stat. § 52-564.

   A.  Claim of Plaintiff:  Defendants violated said laws by self-adjudicating post-judgment interest.

     2.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:  Defendant Equity Recovery Services, LLC denies that the FDCPA applies to it, and if it does, denies any misconduct, and asserts that any error, which defendant denies, was bone fide and unintentional and defendant had adopted procedures to prevent such errors.

     Defendant Attorney Adam J. Shelton denies that he violated the FDCPA or CUTPA and further denies the plaintiff's claims for unjust enrichment, conversion and statutory treble damages for conversions, C.G.S.  52-564. The defendant reserves the right to raise additional defenses.

   C.  Defenses and Claims of Third Party Defendant:  N/A

IV.   STATEMENT OF UNDISPUTED FACTS:

     Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.

The parties state that the following material facts are undisputed:

     1.  Plaintiff is a natural individual who resides in Connecticut.

V.   CASE MANAGEMENT PLAN:

A.   Standing Order on Scheduling in Civil Cases.

     The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth in parts E through H below.

B.      Scheduling Conference with the Court.

The parties do not request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.      Early Settlement Conference.

1.      The parties certify that they have considered the desirability of attempting to settle the

case before undertaking significant discovery or motion practice.  Settlement may be enhanced

by the use of the following procedures:

2.      The parties do not request an early settlement conference.

3.      The parties do not request a referral for alternative dispute resolution pursuant to D.

Conn. L. Civ. R. 16.

E.      JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.

1.      Plaintiff should be allowed until July 31, 2013 to file motions to join additional parties

and until July 31, 2013 to file motions to amend the pleadings.

2.      Defendants should be allowed until August 9, 2013 to respond to the complaint.

F.      DISCOVERY.

1.      The parties anticipate that discovery will be needed on the following subjects:

defendants' collection practices, collection records, policies and procedures and their

application to plaintiff's alleged debt; defendants' communications in connection with the

collection; issues raised by the pleadings. The parties reserve the right to object to any

discovery served by any party, to include, but not be limited to, the scope of any such

discovery.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ.

P. 26(b)(4) will be begun by July 31, 2013, and completed (not propounded) by April 30, 2014.

3.      Discovery will not be conducted in phases.

4.      Discovery on [issues for early discovery] will be completed by:  N/A.

5.      The parties anticipate that the plaintiff will require a total of 3 depositions of fact witnesses and that defendants will require a total of 2 depositions of fact witnesses.  The depositions will commence by August 15, 2013, and be completed by April 30, 2014.

6.      The parties may request permission to file more than 25 interrogatories.

7.      Plaintiff will not call expert witnesses at trial.

8.      Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2014.  Depositions of any such experts will be completed by April 30, 2014.

9.      A damage analysis will be provided by any party who has a claim or counterclaim for damages by September 1, 2013.

10.     Electronic Discovery

Undersigned counsel have discussed the disclosure and preservation of electronically stored information relevant to this action. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  Neither party will delete any electronically stored information that is known to be relevant to the plaintiff's claim and will preserve all such information.

11.     Undersigned have considered discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Undersigned will abide by the local rules.

G.        DISPOSITIVE MOTIONS.

          Dispositive motions will be filed by May 1, 2014.

H.        JOINT TRIAL MEMORANDUM.

          The joint trial memorandum required by the Standing Order on Trial Memoranda in

Civil Cases will be filed by the later of  May 29, 2014 or 30 days after any final determination

on a dispositive motion leaving issues for trial.

VI.       TRIAL READINESS.

          The case will be ready for trial by May 29, 2014 or four weeks after the submission of

the Joint Trial Memorandum.

          As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.


THE PLAINTIFF

By:_____/s/ Joanne S. Faulkner              Date: July 15, 2013
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395



DEFENDANT,
EQUITY RECOVERY SERVICE, LLC

BY:  ____/S/    Ct12745
James F. Sullivan
Howard, Kohn, Sprague & FitzGerald, LLP
237 Buckingham Street, PO Box 261798
Hartford, CT  06126-0896
PH:  860-525-3101; FAX:  860-247-4201
Federal Bar No: ct 12745
EMAIL:  jfs@hksflaw.com

THE DEFENDANT
ADAM J. SHELTON

By: ____/s/_____James R. Fiore
_____/s/_____Anthony Nuzzo, Jr.
James R. Fiore
Federal Bar #: ct27076
Anthony Nuzzo, Jr.
Federal Bar #: ct05397
Nuzzo & Roberts, L.L.C.
One Town Center
Cheshire, CT 06410
Telephone:  (203)250-2000
Fax:  (203)250-3131
jfiore@nuzzo-roberts.com
anuzzo@nuzzo-roberts.com

\\fp01\nuzzo\WP\403049\229\PLEADINGS\26(f) Report FINAL 07 15 13.doc