UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNIE BROWNSTEIN

v.                                                    CASE NO.  3:13CV  493 (CSH)

ADAM J. SHELTON
EQUITY RECOVERY SERVICE, LLC            July 24, 2013

## OPPOSITION TO SHELTON MOTION TO DISMISS

When the small claims court refused to award postjudgment interest, Attorney Shelton took the law into his own hands and self-adjudicated 8% interest in favor of his debt-buying company (Equity). When Ms. Brownstein asked for a refund of the $2,067 that had been over-billed contrary to the judgment, and a satisfaction of judgment, Attorney Shelton instead billed her for an additional $366.67.

Mr. Shelton has prematurely moved to dismiss a purported CUTPA claim against him, instead of raising it as an affirmative defense. He overlooks not only the notice pleading nature of the complaint, but also the Court's obligation to grant whatever relief is appropriate even if it is not requested. Fed. R. Civ. P. 54(c). *Newman v. Silver,* 713 F.2d 14, 16 ( 2d Cir. 1983).[1]

Plaintiff generally sought relief under CUTPA (Complaint ¶1). However, her actual claim for relief sought whatever is allowed by Rule 54(c): "actual damages and [ ] such other and further relief as may be just and proper, including treble damages for

---

[1] "[T]he Rules do not require a plaintiff to plead the legal theory, facts, or elements underlying his claim." *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir. 2005); *Albert v. Carovano*, 851 F.2d 561, 571, n.3 (2d Cir. 1988) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters."); accord, *Wynder v. McMahon,* 360 F.3d 73, 75, 77 & n.11 (2d Cir. 2004); *Northrop v. Hoffman of Simsbury, Inc..*, 134 F.3d 41, 46 (2d Cir. 1997).

conversion, an injunction barring any collection of interest on a judgment unless a court has awarded it, and disgorgement of interest collected as to any judgment that did not include interest."

Drawing all reasonable inferences in plaintiff's favor,[2] plaintiff submits that she has alleged an unlawful post-judgment extra-judicial billing practice, rather than professional negligence or malpractice. The judicially-created exemption from CUTPA liability for attorneys is narrow. Billing practices are not within that exemption, but are directly related to the non-exempt entrepreneurial aspects of the practice. *Kosiorek v. Smigelski* , 138 Conn. 695, 711-12, 54 A.3d 564, 575-76 (2012).  "Our Supreme Court defined entrepreneurial as 'aspects of practice, such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the' defendant; (internal quotation marks omitted) (citation omitted)." *Stuart v. Freiberg,* 142 Conn. App.  684, 709, 2013 WL 1963813 *11 (2013). "However far the duty of an attorney to zealously represent his client extends, it necessarily falls short of the point at which the representation constitutes a fraud on a third party or the assistance in the perpetration of such a fraud, whether by affirmative misrepresentations or knowing nondisclosures." *Chapman Lumber, Inc. v. Tager,* 288 Conn. 69, 95, 952 A.2d 1, 20 (2008).

A motion to dismiss must be denied even if it "appear[s] on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Moreover, discovery has just begun; dismissal would

---

[2] *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 349 (2d Cir. 2009).

be premature at this stage. *Cf. Salahuddin v. Coughlin*, 993 F.2d 306, 308 (2d Cir. 1993) (summary judgment).

## CONCLUSION

Attorney Shelton has not met his burden to show that the Complaint fails to state a CUTPA cause of action against him. *Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990) ("The defendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint"); *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim).

The motion should be denied to allow for discovery fleshing out the nature of his unauthorized (contrary to court order) extra-judicial over-billing practices so that the Court can determine on a full record whether CUTPA relief against Attorney Shelton is warranted.

THE PLAINTIFF

*[signature: Joanne S. Faulkner]*

BY    **/s/ Joanne S. Faulkner**
        Joanne S. Faulkner ct04137
        123 Avon Street
        New Haven, CT 06511-2422
        (203) 772-0395
        faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on July 24, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                       ____/s/ Joanne S. Faulkner___