UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNIE BROWNSTEIN

v.                              CASE NO.  3:13CV  493 (CSH)

ADAM J. SHELTON
EQUITY RECOVERY SERVICE, LLC

## PLAINTIFF'S OPPOSITION TO EQUITY MOTION TO DISMISS

Equity Recovery Service moved to dismiss the FDCPA aspect of plaintiff's notice-pleading complaint on the basis that it is not a "debt collector."  However, the law is well established that a bad debt buyer is a debt collector for the purpose of the FDCPA. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 797 (7th Cir. 2009) (the statute excludes from its definition of "creditor" those who acquire and seek to collect a "debt in default"). Judge Cabranes so ruled twenty years ago.  *Cirkot v Diversified Financial Systems, Inc.*, 839 F. Supp. 941, 944-47 (1993).  Equity cites only inapplicable cases in which it was obvious that a mortgagee was a creditor.

Equity apparently claims that plaintiff left the word "defaulted" out of paragraph 10 of the complaint.[1]  Plaintiff is not aware of any creditor that sells performing (non-defaulted) credit card debt, so one can plausibly infer that Equity bought defaulted debt. More pertinent, Equity is aware of its own practices, which are the subject of discovery, and carefully does not deny that it bought plaintiff's "defaulted" consumer debt. Its own motion admits that the complaint gave Equity notice of what plaintiff intends to prove: that it buys defaulted debt.

---

[1] "10. Defendant Equity was in the business of buying consumer debt and suing thereon."

Federal pleading is notice pleading, not fact or theory pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 515 (2002) (discovery is the procedural device to ascertain the details of what claims are being made).

Defendant's motion can be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). See *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) ("A case should not be dismissed unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief.").

Defendant's meritless motion should be denied.

                THE PLAINTIFF

BY_____
        JOANNE S. FAULKNER ct04137
        123 Avon Street
        New Haven, CT 06511-2422
        (203) 772-0395
        j.faulkner@snet.net

Certificate of Service

I hereby certify that on August 10, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        _____/s/ Joanne S. Faulkner____