IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                                             :

RONNIE BROWNSTEIN                      :                      3:13 CV 493 (CSH)
                                                             :

V.                                                              :
                                                              :

ADAM SHELTON ET AL.                  :                      DATE: MARCH 18, 2014
                                                             :
---------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL</u>

On April 10, 2013, plaintiff filed this lawsuit against Attorney Adam J. Shelton ["defendant Shelton"] and Equity Recovery Service, LLC ["defendant Equity"], pursuant to the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692, the Connecticut Unfair Trade Practices Act ["CUTPA"], CONN. GEN. STAT. § 42-110g, and the common law of unjust enrichment and conversion, and plaintiff seeks treble damages under CONN. GEN. STAT. § 52-564. (Dkt. #1, ¶ 1). In her complaint, plaintiff alleges that defendants have filed at least eighty collection cases in the Connecticut small claims court and have obtained judgments thereon. (<u>Id.</u> ¶ 11). Plaintiff alleges that in 2002, defendants obtained a small claims judgment against her for credit card debt in the amount of $3,615.01, on which she has been paying, but despite no interest having been awarded, defendants have been collecting eight percent interest under CONN. GEN. STAT. § 37-1, with balance due of $366.67 as of April 2013. (<u>Id.</u> ¶¶ 12-17). Plaintiff alleges that defendants "had a pattern and practice of self-adjudicating interest despite the prohibition of [CONN. GEN. STAT.] § 37-3 and longstanding and consistent case law to the contrary." (<u>Id.</u> ¶ 18). On March 14, 2014, plaintiff filed an Amended Complaint, which added a third defendant, New England Adjustment Services, Inc.

(Dkt. #62; see Dkts. ##38, 60-61).[1]

Under the present Electronic Scheduling Order, filed on July 16, 2013 by Senior U.S. District Judge Charles S. Haight, Jr., all discovery is to be completed on or before April 30, 2014.  (Dkt. #24).

On November 4, 2013, plaintiff filed the pending Motion to Compel and brief in support (Dkt. #39),[2] as to which defendant Shelton filed his brief in opposition on November 25, 2013 (Dkt. #40)[3] and defendant Equity filed its brief in opposition the next day.  (Dkt. #41).[4]  On December 3, 2013, plaintiff filed her two reply briefs.  (Dkts. ##42-43).  On March 12, 2014, Judge Haight referred this motion to this Magistrate Judge.  (Dkt. #60).

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #39) is denied without prejudice to renew at a later time.

## I. DISCUSSION

Plaintiff's motion concerns her Interrogatory No. 3, Production Requests Nos. 8-11, and Admission Request No. 4, all of which address the number of judgments obtained by defendant Equity on which defendants sought to collect eight percent interest where the

---

[1]Both original defendants have filed Motions to Dismiss, which are pending before the Court.  (See Dkts. ##26, 35-36; see also Dkts. ##27, 34, 37).  Plaintiff also has filed a Motion for Summary Judgment, with respect to liability only.  (Dkts. ##44-45; see Dkts. ##50-52; see also Dkts. ##46-48, 53-61).

[2]The following documents are attached to plaintiff's motion: copy of Defendant Equity's Response to Plaintiff's First Set of Interrogatories, dated September 16, 2013; copy of Defendant Equity's Response to Plaintiff's First Set of Document Requests, also dated September 16, 2013; copy of Defendant Shelton's Amended Objections and Response to Plaintiff's First Set of Interrogatories, dated October 25, 2013; and copy of Defendant Shelton's Amended Objections and Responses to Plaintiff's First Set of Document Requests, also dated October 25, 2013.

[3]The followiing nine exhibits were attached: copy of Plaintiff's Initial Disclosures (Exh. A); additional copies of Defendant Shelton's Amended Objections and Responses (Exh. B; see note 2 supra); and copies of case law (Exhs. C-I).

[4]Attached is another copy of Defendant Equity's Response.  (See note 2 supra).

judgments awarded a lesser amount of interest, copies of these judgments, all accounting records of same (including payments accrued, received and remitted), and whether defendant Shelton has filed at least eighty judgment in small claims courts on behalf of defendant Equity and obtained judgments thereon.  (Dkt. #39, Brief, at 1-3 & Exhs.; Dkt. #40, at 3-4 & Exh. B; Dkt. #41, at 2, 4, 6, 8, 10 & Exh.).  Plaintiff argues that defendant Equity's boilerplate and unsubstantiated objections are invalid, and that such discovery is permissible under FDCPA, CUTPA, and Connecticut common law, particularly where punitive damages are sought.  (Dkt. #39, at 3-7; see also Dkts. ##42-43).

Defendant Shelton argues that plaintiff did not seek punitive damages either in her Complaint or in her Rule 26(a)(1) Initial Disclosures (Dkt. #40, at 1-2, 13-16 & Exh. A); that the discovery sought is irrelevant under the FDCPA, CUTPA or the statutory theft claim (id. at 4-13); and that even if plaintiff is asserting a claim for punitive damages, this discovery is not appropriate (id. at 16-17).  Defendant Equity similarly argues that this discovery is not permissible under plaintiff's FDCPA, CUTPA, statutory theft, or common unjust enrichment claims.  (Dkt. #41, at 2-12).

15 U.S.C. § 1692k(b) provides that the district court is to take the following factors into account "[i]n determining the amount of liability" under the FDCPA:

> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or
>
> (2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the number of persons adversely affected, and the extent to which such noncompliance was intentional.

(emphasis added).

Plaintiff has cited Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 179 (W.D.N.Y.

1988), where, upon ruling on cross-motions for summary judgment, the District Judge awarded plaintiff the maximum statutory damages of $1,000, relying upon the factors in § 1692k, particularly because "[t]he validation clause in question appears on every debt collection letter sent out by [defendant], as these are computer generated forms."  Similarly, plaintiff cites Masuda v. Thomas Richards & Co., 759 F. Supp. 1456, 1467 (C.D. Cal. 1991), in which the District Judge granted summary judgment for plaintiff in a case where the defendant debt collector sent form letters with an attorney's signature, without his participation in the decision when such a letter should be sent.  Id. at 1458-62.  Under these circumstances, the District Judge awarded plaintiff the statutory maximum of $1,000, taking into account the factors listed in § 1692k(b)(1), and reserved judgment until a further hearing on the amount of actual damages, if any.  Id. at 1467.[5]

As of this point, the allegations appear different from those in Riveria and Masuda, which involved computer-generated forms without any individualization, which does not appear to be the situation here.  Defendants instead rightfully cite to Dewey v. Associated Collectors, Inc., 927 F. Supp. 1172, 1175-76 (W.D. Wis. 1996), where the defendant acknowledged that the collection letter it sent to plaintiff violated FDCPA, and plaintiff moved for summary judgment on the issue of damages.  Id. at 1173, 1176.  The District Judge

---

[5]Plaintiff is correct that the Ninth Circuit relied upon § 1692k(b)(1) in upholding a jury trial for plaintiff in a FDCPA lawsuit for $1,000 in statutory damages, $250,000 for emotional distress, and $60,000 in punitive damages, where the defendant debt collection law firm had sued plaintiff on a debt for which the statute of limitations had run years before.  McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 944-47 (9th Cir. 2011).  Among the witnesses were two consumers who had similar experiences with defendant, a legal aid attorney specializing in consumer law who testified about defendant's role "in the rapid growth of debt-collection lawsuits in Montana[,]" for which defendant usually obtained default judgment against pro se litigants, and a collection attorney, who criticized defendant's "'factory' approach of 'mass producing default judgments[.]'"  Id. at 947.  Among the many issues raised on appeal, defendant objected to the testimony of the two other consumers; the Ninth Circuit held that this testimony was appropriate in order to prove intention under § 1692k(b)(1).  Intention, however, is not a critical issue in this lawsuit.

juxtaposed the language of §§ 1692k(b)(1) and (2) and held that "the number of person adversely affected[]" only applies to class action under § 1692k(b)(2), and not to individual actions under § 1692k(b)(1). Id. at 1175-76. While recognizing that the "[c]ase law on this issue is spare and divided[,]" the District Judge agreed with an earlier ruling that "the defendant's actions with respect to other consumers had no relevance in an individual action in which the amount of liability was to be determined in accordance with § 1692k(b)(1)." Id. at 1176 (citation omitted).

Defendants also have cited to Powell v. Computer Credit, Inc., 975 F. Supp. 1034, 1039 (S.D. Ohio 1997), aff'd mem.,No. 97-3979, 1998 WL 773989 (6th Cir. Oct. 15, 1998), where on ruling on cross-motions for summary judgment, the District Judge relied upon Dewey to hold that in the language of § 1692k(b)(1), "Congress meant that the Court should consider the debt collector's noncompliance as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance." Defendants similarly have cited Richard v. Oak Tree Group Inc., No. 1:06-cv-362, 2008 WL 5060319, at *8-9 (W.D. Mich. Nov. 21, 2008), where the Magistrate Judge already had found liability against defendant and was ruling on the issue of damages. Id. at *1. The evidence in Richard established that although a single letter had been sent to plaintiff, defendant had sent similar letters on at least one hundred occasions. Id. at *8. The Magistrate Judge recognized the "conflicting case law" reflected in the Riveria decision, cited by plaintiff here, and in the Dewey decision and its progeny, cited by defendants. Id. After reviewing these decisions, the Magistrate Judge found "the reasoning of Dewey . . . persuasive[,]" and thus concluded that "the 'frequency and persistence of noncompliance' consideration in assessing statutory damages under § 1692k does not include a debt collector's actions with respect to non-parties." Id. at *8-9.

The same conclusion was reached in the context of discovery motions, as in this case, in <u>Cusumano v. NRB, Inc.</u>, No. 96 C 6876, 1998 WL 673833, at *2 (N.D. Ill. Sept. 23, 1998), and in <u>Nicander v. Hecker</u>, No. C07-05838 (JF)(HRL), 2009 WL 5084087, at *2 (N.D. Cal. Dec. 21, 2009), both cited by defendants. In <u>Cusumano</u>, the District Judge agreed with the Magistrate Judge's prior ruling that defendant's collection activities with consumers other than plaintiffs were irrelevant, based, <u>inter alia</u>, upon the <u>Dewey</u> decision. 1998 WL 673833, at *2. The Magistrate Judge's analysis in <u>Nicander</u> was similar. 2009 WL 5084087, at *2.

In this case, there are dispositive motions pending, filed by both defendants and by plaintiff herself, on the issue of liability. (Dkts. ##26, 35, 44). If liability is found for plaintiff on her pending dispositive motion, then some limited discovery will be permitted to determine whether defendant has created a computer-generated process without any individualization, as in <u>Riveria</u> and <u>Masuda</u>; under those circumstances, <u>some</u> of plaintiff's discovery requests <u>may</u> be relevant to the issue of damages under § 1692k. Therefore, the most efficient manner in which to proceed is to deny plaintiff's pending Motion to Compel (Dkt. #39), without prejudice to renew in the future, as appropriate.

In light of this conclusion, there is no need to address the multiple other issues raised in the parties' briefs.

## II.  CONCLUSION

Accordingly, for the reasons stated above, plaintiff's pending Motion to Compel (Dkt. #39), <u>without prejudice to renew in the future, as appropriate</u>.[6]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72;

---

[6] If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact Chambers accordingly.

and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 18th day of March, 2014.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Joan G. Margolis, USMJ   
　　　　　　　　　　　　　　　　　　　　　　Joan Glazer Margolis
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge