UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONNIE BROWNSTEIN                         JURY TRIAL DEMANDED

v.                                        CASE NO.  3:13CV  493 (SRU)

ADAM J. SHELTON
EQUITY RECOVERY SERVICE, LLC
NEW ENGLAND ADJUSTMENT SERVICES, INC.

## FOURTH AMENDED COMPLAINT

1.      Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"),
15 U.S.C. § 1692k, the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA); the
common law of unjust enrichment or conversion, or pursuant to Conn. Gen. Stat. § 52-564.

2.      This Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §§1331, 1367.

3.      VENUE: Plaintiff and defendants are citizens of Connecticut.

I. VIOLATIONS OF THE FDCPA: all defendants

4.      Plaintiff is a natural person who has resided in Connecticut at all relevant times.

5.      Defendant New England Adjustment Services, Inc. ("New England") is a
Connecticut corporation and was a Consumer Collection Agency licensed by the Connecticut
Department of Banking from at least 1999 until October 1, 2015. Its principal purpose was debt
collection. Its president is Carl Slicer.

6.      Defendant Equity Recovery Service, LLC ("Equity"), a Connecticut corporation,
was in the business of buying defaulted consumer debt and suing thereon. Its president is Herbert
Slicer.

7.      Defendant Equity assigned the defaulted consumer debt it purchased to Defendant
New England for collection.

8.      Defendants Equity through New England retained defendant Shelton to collect the

defaulted debts purchased by Equity.

9.      Defendant Equity and Shelton filed at least 80 collection cases in small claims cases on defaulted debt that Equity claimed to have purchased and obtained judgments thereon. ECF No. 44-2 ¶ 4.

10.     Defendant Shelton regularly collects consumer debt.

11.     Defendants regularly engaged in the practice of consumer debt collection by directly or indirectly collecting debt using instruments of interstate commerce, including mails and telephone.

12.     Defendant Equity claims to have purchased a portfolio including plaintiff's defaulted personal Capital One credit card account in November 2000 from Collins Financial Services, Inc.

13.     Equity's purchase was documented by a portfolio spreadsheet that included plaintiff's demographic information and showed a balance of $544.12.

14.     Equity acquired the portfolio that included plaintiff's account for less than twenty-five cents of the dollar amounts owed by the debtors, that is, less than 25 % of the face value of the debts in the portfolio.

15.     Each defendant is a debt collector within the FDCPA.

16.     Defendants Equity and New England are liable jointly and severally with Shelton for the actions Shelton took on their behalf. Chevron Corp. v. Donziger, 833 F.3d 74, 150 (2d Cir. 2016).

Background events leading up to the 2013 letters at issue in this case

17.     In May, 1996, plaintiff had opened a personal credit card account with Capital One with a credit limit of $200.

18.    Plaintiff's last payment to Capital One on the credit card account was January 25, 1997, when her balance was less than $200.

19.    Capital One charged off the account in December, 1997, sending her a final statement showing a balance of $504.12, which included 6 months' worth of late fees ($20 per month) and overlimit fees ($20 per month) as well as interest.

20.    Capital One represented that the plaintiff's balance was $544.12 as of June, 2000.

21.    Equity, or its collection agency New England, hired defendant Shelton to sue plaintiff in or about June, 2002, with a "placement amount" of $1,046.63.

22.    Defendants' 2002 small claims complaint, signed by Herbert Slicer, alleged that "As of 12/04/97 there was $504.12 due and owing on" plaintiff's account.

23.    Defendants alleged that past due fees had accrued at $20 per month for 54 months in the amount of $1,080.00.

24.    Defendants alleged that overlimit fees had accrued at $20 per month for 54 months in the amount of $1,080.00.

25.    Defendants alleged that prejudgment interest had accrued at a rate of 19.44%, well in excess of Connecticut usury limits.

26.    Defendants alleged that plaintiff owed $3,899.70.

27.    Defendants waived $399.70 to stay within the $3,500 small claims limit.

28.    Plaintiff was not represented by counsel in the small claims action.

29.    Plaintiff perceived that the small claims action was a GREAT injustice.

30.    In September 2002, defendants obtained a default small claims judgment in the amount of $3,615.01 against plaintiff.

31.    Plaintiff now realizes that the small claims judgment was inflated, in that:

a.  The prejudgment interest rate requested in the small claims complaint was usurious; Madden v. Midland Funding, LLC, 786 F.3d 246, 254 (2d Cir. 2015), cert. denied, 136 S. Ct. 2505 (2016) (debt buyer limited to state usury rate).

b.  Capital One did not send plaintiff any periodic statements after December, 1997.

c.  Capital One had waived interest by not adding interest after charge-off in December, 1997;

d.  Capital One's interest rate was variable, not fixed as represented to the small claims court;

e.  No late charges could be assessed after charge-off SKW Real Estate Ltd. P'ship v. Gallicchio, 49 Conn. App. 563, 580, 716 A.2d 903, 913 (1998); F.D.I.C. v. M.F.P. Realty Associates, 870 F. Supp. 451, 455 (D. Conn. 1994);

f.  No overlimit fees could be assessed after charge-off,  or

g.  The small claims suit was brought two years after the date of Equity's purchase to increase the accrual of interest, late fees, and overlimit fees beyond what could have accrued had judgment been sought earlier.

32.    Plaintiff believes that defendants took advantage of her status as an unrepresented consumer to unlawfully inflate her personal debt so that Shelton could increase the 15% attorney's fees to which he was limited under Conn. Gen. Stat. §42-150aa.

33.    Defendants filed a motion to tax costs.

34.    Defendants did not apply for post-judgment interest.

35.    No postjudgment interest was awarded by the court.

36.    Plaintiff began making payments on the judgment in December, 2003.

37.    Plaintiff paid on the judgment with her personal funds for many years.

38.     After she had made 16 payments, defendants began including postjudgment interest on the account beginning with the payment of April 15, 2005.

39.      In February 2006, Defendants filed an Execution Proceedings Form, JD-CV 24, showing plaintiff had paid $1,200 toward the judgment, leaving a balance of  $2450.01.

40.     Between March 14, 2006 and November 18, 2012, plaintiff paid another $3,900.

The 2013 letters at issue in this case

41.     Copies of Shelton's letters of March 27 and April 3, 2013 are attached.

42.     In April 2013, defendants sent plaintiff a Statement of Account first disclosing that they had added 8 % interest to the judgment and had collected interest of $2,054.02.

43.     On April 10, 2013, plaintiff filed this lawsuit seeking a refund of the $2,054.52.

44.      Defendants informed plaintiff that she still owed a balance of $366.67 "including the remaining judgment principal, court costs, and interest that is accruing thereon at 8% per year in accordance with Connecticut General Statute § 37-1."

45.     Prior to the repeal of Conn. Gen. Stat. § 52-349 in 1983, postjudgment interest automatically accrued on a judgment.

46.     In and after July 1983, postjudgment interest on a loan could be awarded only by a court, in its equitable discretion, based on its review of such factors as the terms of the contract, whether the contract specifies a rate certain, whether the contract specifies a rate after maturity, whether the contract rate is within usury restrictions, the date of maturity, and whether there has been a waiver or disclaimer of interest.

47.     In and after July 1983, postjudgment interest on a credit card could be awarded only by a court, in its equitable discretion, based on §37-3a(a) and applicable factors.

48.     Plaintiff's claimed balance due increased from $270.66 in July, 1997, to the small

claims judgment of $3,500 plus $35 costs in 2002, to $5718.37 in 2013 which included the 2013 balance claimed of $368.37.

49.     Defendants sought payment even though their right to enforce the judgment had expired in September, 2012, pursuant to Conn. Gen. Stat. §52-598 (b).

50.     Defendants had a pattern and practice of self-adjudicating postjudgment interest despite the prohibition of §37-3a and longstanding and consistent case law to the contrary.

51.     To each of the 80 judgments defendants obtained, they added 8% interest even though it was not awarded by the court.

52.     In each of the 80 judgments defendants obtained, they added late fees for the period after the underlying account was closed.

53.     In each of the 80 judgments defendants obtained, they added over-limit fees for the period after the underlying account was closed with over-limit fees having been assessed.

54.      In each of the 80 judgments, defendants sought interest in excess of Connecticut usury limits.

55.     Each defendant shared in the excess amounts collected from plaintiff.

56.     To add 8% interest to an already seriously, or illegally, inflated judgment is conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

57.     To add 8% interest to a judgment without court order is the collection of an amount not authorized by agreement or permitted by law. 15 U.S.C. §1692f(1).

58.     Shelton's letter of March 27, 2013, sent on behalf of the corporate defendants, violated §1692e, -e(2)(A), –e(4), –e(5), -e(9), or –e(10) by:

               -claiming a balance that included interest not due or owing;

-threatening to continued to add interest not due or owing;

-representing "YOU HAVE VIOLATED A COURT ORDER TO MAKE PAYMENTS" even though plaintiff had made more payments than the court had ordered;

-representing "YOU HAVE VIOLATED A COURT ORDER TO MAKE PAYMENTS" even though there was no court order extant due to the expiration and non-renewal of the time that the judgment could be enforced;

-representing that "WE MAY TAKE ADDITIONAL ACTION TO ENFORCE THE JUDGMENT AGAINST YOU" even though no such action was then possible due to the expiration and non-renewal of the time that the judgment could be enforced; or

-failure to disclose that the statute of limitations for enforcing the small claims judgment had expired.

59.   Shelton's letter of  April 3, 2013, sent on behalf of the corporate defendants, violated §1692e, -e(2)(A), -e(4), –e(5), -e(9), or –e(10) by:

-claiming a balance that included interest not due or owing;

-threatening to continued to add interest not due or owing;

-representing "YOU HAVE VIOLATED A COURT ORDER TO MAKE PAYMENTS" even though plaintiff had made more payments than the court had ordered;

-representing "YOU HAVE VIOLATED A COURT ORDER TO MAKE PAYMENTS" even though there was no court order extant due to the expiration and non-renewal of the time that the judgment could be enforced;

-failure to disclose that the statute of limitations for enforcing the small claims judgment had expired; or

-representing that interest was accruing at 8% per year in accordance with Connecticut General State §37-1 even though that statute does not apply to credit card debt.

60.    Proof of only one violation of any of the above sections is sufficient to support judgment for plaintiff. Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 133 (2d. Cir. 2010).

II. COMMON LAW CONVERSION as to all defendants

61.    In September 2002, defendants obtained a default small claims judgment in the amount of $3,615.01 against plaintiff.

62.    Defendants did not apply for post-judgment interest.

63.    No postjudgment interest was awarded by the small claims court.

64.    Plaintiff began making payments on the judgment in December, 2003.

65.    Plaintiff paid on the judgment with her personal funds for many years.

66.    Defendants concealed from plaintiff that they were adding interest not ordered by the small claims court until their letter of April 3, 3012 disclosed that they had collected $2,054.02 in interest and claimed that an additional amount of interest was still accruing.

67.    By this lawsuit, plaintiff demanded a refund of the interest.

68.    Defendants have refused to refund the interest to this date.

III. STATUTORY THEFT as to all defendants

69.    In September 2002, defendants obtained a default small claims judgment in the amount of $3,615.01 against plaintiff.

70.    Defendants did not apply for post-judgment interest.

71.    No postjudgment interest was awarded by the small claims court.

72.    Plaintiff began making payments on the judgment in December, 2003.

73.    Plaintiff paid on the judgment with her personal funds for many years.

74.    Defendants concealed from plaintiff that they were adding interest not ordered by the small claims court until their letter of April 3, 3012 disclosed that they had collected $2,054.02 in interest and claimed an additional amount of interest was still accruing.

75.    By this lawsuit, plaintiff demanded a refund of the interest.

76.    Defendants have refused to refund the interest to this date.

77.    Defendants are intentionally retaining plaintiff's money.

78.    Defendants intend to deprive plaintiff of her funds.

IV. UNJUST ENRICHMENT as to all defendants

79.    In September 2002, defendants obtained a default small claims judgment in the amount of $3,615.01 against plaintiff.

80.    Defendants did not apply for post-judgment interest.

81.    No postjudgment interest was awarded by the small claims court.

82.    Plaintiff made payments to defendants of some $2,054.02 to their benefit, which defendants allocated to interest not awarded by any court.

83.    By this lawsuit, plaintiff demanded a refund of the interest.

84.    Defendants have refused to pay plaintiff the dollar amount by which they benefited.

85.    Plaintiff has lost the use of the funds.

86.    It is contrary to equity and good conscience for defendants to retain the benefits to which they were not entitled.

V. VIOLATION OF CUTPA: Equity and New England only

87.    Defendants Equity and New England Adjustment are engaged in trade or commerce by seeking to collect on defaulted consumer accounts.

88.    In September 2002, defendants obtained a default small claims judgment in the amount of $3,615.01 against plaintiff.

89.    Defendants did not apply for post-judgment interest.

90.    No postjudgment interest was awarded by the small claims court.

91.    Plaintiff began making payments on the judgment in December, 2003.

92.    Plaintiff paid on the judgment with her personal funds for many years.

93.    Defendants concealed from plaintiff that they were adding interest not ordered by the small claims court until their letter of April 3, 3012 disclosed that they had collected $2,054.02 in interest and claimed that an additional amount of interest was still accruing.

94.    By this lawsuit, plaintiff demanded a refund of the interest.

95.    Defendants refused to refund the amounts paid, causing ascertainable loss of that money and the use thereof.

96.    Defendants' wrongful withholding of funds is a well-recognized CUTPA violation. Carrillo v. Goldberg, 141 Conn. App. 299, 312–13, 61 A.3d 1164, 1173 (2013) (punitive damages under CUTPA for wrongfully withholding security deposit); Blackwell v. Mahmood, 120 Conn. App. 690, 704, 992 A.2d 1219, 1229–30 (2010) (unwarranted refusal to return funds); Hurowitz v. Garbinski, 2015 WL 6405913, at *5 (Conn. Super. Ct. Oct. 1, 2015) (refusal to return funds); Torres v. Kershner Co.,  2010 WL 5573744, at *18 (Conn. Super. Ct. Dec. 13, 2010) (same).

97.    A trade practice that is undertaken to maximize a defendant's profit at the expense

of the plaintiff's rights is immoral, unethical, oppressive, or unscrupulous.

98.     Defendants' acts are within at least the penumbra of some common law, statutory, or other established concept of unfairness, such as the FDCPA or the other state law claims alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against each defendant for statutory damages for violation of §1692d, -e, or –f(1), pursuant to 15 U.S.C. § 1692k;

(b)     That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Fed. R. Civ. P. 54(d); and,

(c)     That the Court award actual damages and grant such other and further relief as may be just and proper pursuant to Fed. R. Civ. P. 54(c), including punitive damages under the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA); damages pursuant to the common law of unjust enrichment or conversion, and statutory treble damages for conversion. Conn. Gen. Stat. § 52-564.


                           THE PLAINTIFF


                    BY      **/s/ Joanne S. Faulkner**
                            Joanne S. Faulkner ct04137
                            123 Avon Street
                            New Haven, CT 06511-2422
                            (203) 772-0395
                            faulknerlawoffice@snet.net

## SHELTON & SHELTON, LLC
*Attorneys and Counselors at Law*
P.O. Box 271815
West Hartford, Connecticut 06127

Telephone: (860) 561-2334x120
Facsimile:  (860) 561-3552

March 27, 2013

Ronnie Brownstein
**PERSONAL & CONFIDENTIAL**
1505 Dunbar Hill Road
Hamden, Conneticut 06514

Re.:    PAYMENT PAST-DUE ON COURT JUDGMENT
Equity Recovery Service, L.L.C.::vs. Brownstein
Court Docket No.: SCA-7-171997
Original Account Info.:Capital One Visa Credit Card # ▮▮▮▮▮▮▮▮
Our File No.: N-16246

Dear Ronnie Brownstein:

**YOU HAVE VIOLATED A COURT ORDER TO MAKE PAYMENTS.**
Your last payment of $250.00 was credited to your account on 10/18/2012.

The balance due as of the date of this letter is: $366.43 including judgment principal, court costs, and interest that may be accruing.  You may call us for a current balance including a break-down of principal, costs, and any interest that may have accrued since the date of this letter.

YOUR PAST-DUE PAYMENT of:            $50.00      was due on or before March 15, 2013
YOUR NEXT PAYMENT of:                  $50.00      is due on or before April 15, 2013
     Total Due & Past-Due              $100.00

Make your check or money order payable to Shelton & Shelton, indicate Our File No: N-16246 on the memo line and mail it to our address so that it is received before the due date.

**IF YOU DO NOT MAKE THE PAYMENTS, THEN WE MAY TAKE ADDITIONAL ACTION TO ENFORCE THE JUDGMENT AGAINST YOU.**

We accept money orders or personal checks, but you will be charged the maximum service fee allowed by Connecticut Law for each personal check that is not honored by your bank.

Very truly yours,

Adam J. Shelton, Attorney

-IMPORTANT-
**THIS IS A SUBSEQUENT COMMUNICATION FROM A DEBT COLLECTOR.
ANY INFORMATION OBTAINED WILL BE USED TO COLLECT A DEBT.**

SHELTONPROD041

SHELTON & SHELTON, LLC
*Attorneys and Counselors at Law*
P.O. Box 271815
West Hartford, Connecticut 06127

Telephone: (860) 561-2334x120
Facsimile:  (860) 561-3552

Ronnie Brownstein
PERSONAL & CONFIDENTIAL
1505 Dunbar Hill Road
Hamden, Conneticut 06514

April 3, 2013

Re.:   YOU HAVE VIOLATED A COURT ORDER TO MAKE PAYMENTS
Equity Recovery Service, L.L.C.  vs. Brownstein
Court Docket No.: SCA-7-171997
Date of Judgment: 09/19/2002

Dear Ronnie Brownstein:

As you requested, enclosed please find a copy of the Court Docket Sheet, indicating the Judgment information, for the above referenced case concerning your Capital One Visa Credit Card Account, # ████████████████████. As we discussed, this information is still publically available on the Court's web-site; I am not sure why you were not able to access it.

As of the date of this letter there is a balance due of $366.97 including the remaining judgment principal, court costs, and interest that is accruing thereon at 8% per year in accordance with Connecticut General Statute §37-1. You may call us at 860-561-2334x120 for a current balance including a break-down of principal, costs, and interest that has accrued pursuant to C.G.S. §37-1 since the date of this letter.

Very truly yours,

Adam J. Shelton, Attorney

AJS/sa
Enclosure

IMPORTANT
THIS IS A SUBSEQUENT COMMUNICATION FROM A DEBT COLLECTOR.
ANY INFORMATION OBTAINED MAY BE USED TO COLLECT A DEBT.

SHELTONPROD042

Small Claims Docket Number Result

http://www.jud~~~t.gov/Small_Claims/sc_SearchDocketResult.asp



State of Connecticut
**Judicial Branch**

Small Claims Home  Prev Page  Site Help  Comments Page

CASE SEARCH RESULT(S) FOR DOCKET NUMBER SCA7-171997
AS OF 4/3/2013 6:09:33 AM.

## Case Summary

Case Caption : EQUITY RECOVERY SERVICE, LLC VS. BROWNSTEIN
Court : Middletown
Docket No : SCA7-171997                     Case Type : Contract
File Date : 07/09/2002               Amount of Claim : $3,500.00
Answer Date : 08/05/2002                  Entry Fee : $35.00
Last Hearing Date : 07/28/2006 10:00 AM  Last Hearing Reason : Execution-
                                          exemption/modification

## Judgment Information

Magistrate : ALICE A BRUNO
Disposition Date : 09/19/2002
                              Disposition : Judgment for the Plaintiff after
                                            Default and Hearing in
                                            Damages
Damages Awarded : $3,500.00            Entry Fee : $35.00
Interest : $0.00                    Service Costs : $80.01
Attorney Fee : $0.00                 Other Costs : $0.00
Payments Ordered : $35.00/Weekly   Date Payment Due : 10/03/2002
                                Satisfaction of Judgment Filed on :
Total Amount of Judgment and Costs Awarded : $3,615.01

## Parties / Attorneys

| Party No | Party Name | Answer | Attorney Name & Address |
|---|---|---|---|
| 1 | EQUITY RECOVERY SERVICE, LLC | | SHELTON & SHELTON LLC |
| Plaintiff | | | Juris No : 411113 |
| | | | P.O. BOX 271815 |
| | | | WEST HARTFORD, CT 06127 |
| 50 | RONNIE BROWNSTEIN | Denied | |
| Defendant | | | |

## File Activity

| # | Date | Activity |
|---|---|---|
| 1 | 08/05/2002 | Hearing Notice 8/15/02 - 10:00 AM for Trial Contested |
| 2 | 08/05/2002 | Hearing Notice 8/15/02 - 10:00 AM for Trial Contested |
| 3 | 08/15/2002 | Hearing Notice 08/15/2002 - 10:00 AM for Trial Contested |
| 4 | 08/15/2002 | Disposition Notice - Judgment for the Plaintiff after Default and Hearing in Damages on 09/19/2002 |
| 5 | 08/15/2002 | Hearing Notice 9/19/02 - 10:00 AM for Trial Contested |
| 6 | 11/13/2002 | BANK EXECUTION ISSUED |
| | 10/30/2003 | BANK EX. RETURNED |
| 7 | 10/31/2003 | EXAMINATION OF JUDGMENT DEBTOR ISSUED |
| | 12/11/2003 | DEF SWORN AND EXAMINED- COSTS TAXED- EXAM COMPLETE- PLAINTIFF SATISFIED |
| 8 | 02/24/2006 | Disposition Notice - Judgment for the Plaintiff after Default and Hearing in Damages on 9/19/2002 |
| 9 | 02/24/2006 | BANK EXECUTION ISSUED # |
| 10 | 07/07/2006 | EXEMPTION CLAIM FORM ( FINANCIAL INSTITUTION) |
| | 07/07/2006 | FILE SENT TO SCC |
| 11 | 07/12/2006 | Hearing Notice 7/28/2006 - 10:00 AM for Execution-exemption/modification |
| 12 | 07/18/2006 | Hearing Notice 7/28/2006 - 10:00 AM for Execution-exemption/modification |
| | 07/28/2006 | EXEMPTION GRANTED |
| 13 | 07/28/2006 | Notice of Outcome Sent |
| 14 | 03/02/2007 | FILE RECEIVED FROM SCC |

Attorneys | Case Lookup | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Sitemap | Home

Common Legal Terms | Contact Us | Small Claims Disclaimer

Copyright © 2012, State of Connecticut Judicial Branch

SHELTONPROD043

# Shelton & Shelton, LLC

## Statement of Account Report for N-16246

Placement Amount: $ 1,064.63

*Client Information :*

New England Adjustment Service
P.O. Box 842

Vernon, CT 06066-0842

*Court Information :*

County:  Meriden - GA 7
Judicial District:
Department:
Case No:  SCA-7-171997
Claim No:  N-16246

*Debtor Information :*

Brownstein, Ronnie
1505 Dunbar Hill Road

Hamden, Connecticut 06514-___

SS#: ▓▓▓▓
Phone: (   )
Fax: (   )

Complaint Filed:  08 -05-2002
Summons Served:
Judgment Entered:  09 -19-2002
Judgment Amount:  $ 3,500.00

| Date | Description | Amount | Cost | Principal | Interest | Claim Balance |
|------|-------------|--------|------|-----------|----------|---------------|
| 09 -19-2002 | Entry Fee | $    35.00 | | | | $    3,535.00 |
| 11 -25-2003 | Cost-EJD Service Cost | $    80.01 | 0.00 | 0.00 | 0.00 | $    3,946.41 |
| 12 -16-2003 | Payment On Account | $    50.00 | 0.00 | 0.00 | 0.00 | $    3,912.52 |
| 01 -07-2004 | Payment On Account | $    30.00 | 50.00 | 0.00 | 0.00 | $    3,879.38 |
| 02 -11-2004 | Payment On Account | $    50.00 | 50.00 | 0.00 | 0.00 | $    3,856.16 |
| 03 -16-2004 | Payment On Account | $    50.00 | 15.01 | 0.00 | 34.99 | $    3,832.17 |
| 04 -13-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,803.39 |
| 05 -12-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,775.78 |
| 06 -16-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,752.56 |
| 07 -08-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,719.39 |
| 08 -16-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,699.23 |
| 09 -14-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,671.42 |
| 10 -13-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,643.61 |
| 11 -12-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,616.56 |
| 12 -14-2004 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,591.04 |
| 01 -19-2005 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,568.62 |
| 02 -15-2005 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,539.33 |
| 03 -15-2005 | Payment On Account | $    50.00 | 0.00 | 0.00 | 50.00 | $    3,510.81 |
| 04 -15-2005 | Payment On Account | $    50.00 | 0.00 | 15.41 | 34.59 | $    3,484.59 |
| 05 -17-2005 | Payment On Account | $    50.00 | 0.00 | 25.56 | 24.44 | $    3,459.03 |
| 06 -16-2005 | Payment On Account | $    50.00 | 0.00 | 27.26 | 22.74 | $    3,431.77 |
| 07 -15-2005 | Payment On Account | $    50.00 | 0.00 | 28.19 | 21.81 | $    3,403.58 |
| 09 -16-2005 | Payment On Account | $   100.00 | 0.00 | 53.00 | 47.00 | $    3,350.58 |
| 12 -07-2005 | Payment On Account | $   100.00 | 0.00 | 39.78 | 60.22 | $    3,310.80 |
| 02 -21-2006 | Cost-Bank Ex. Fee | $    35.00 | 0.00 | 0.00 | 0.00 | $    3,400.95 |
| 03 -14-2006 | Payment On Account | $   150.00 | 35.00 | 44.61 | 70.39 | $    3,266.19 |
| 08 -28-2006 | Payment On Account | $   150.00 | 0.00 | 30.45 | 119.55 | $    3,235.74 |
| 10 -25-2006 | Payment On Account | $   150.00 | 0.00 | 108.87 | 41.13 | $    3,126.87 |
| 01 -05-2007 | Payment On Account | $   150.00 | 0.00 | 100.66 | 49.34 | $    3,026.21 |
| 05 -07-2007 | Payment On Account | $   150.00 | 0.00 | 69.08 | 80.92 | $    2,957.13 |
| 08 -15-2007 | Payment On Account | $   150.00 | 0.00 | 85.19 | 64.81 | $    2,871.94 |
| 11 -05-2007 | Payment On Account | $   150.00 | 0.00 | 98.38 | 51.62 | $    2,773.56 |
| 03 -14-2008 | Payment On Account | $   150.00 | 0.00 | 71.10 | 78.90 | $    2,702.46 |
| 05 -07-2008 | Payment On Account | $   200.00 | 0.00 | 168.10 | 31.90 | $    2,534.36 |
| 09 -08-2008 | Payment On Account | $   200.00 | 0.00 | 131.31 | 68.69 | $    2,403.05 |

Printed on 21-Apr-2013 at 10:10:03!

Statment Report - Version 2.3

Page 1 of 2

SHELTONPROD020

## Statement of Account Report for N-16246

Placement Amount: $ 1,064.63

| Date | Description | Amount | | | | | |
|---|---|---|---|---|---|---|---|
| 01-23-2009 | Payment On Account | | | | | | |
| 04-27-2009 | Payment On Account | $ 200.00 | 0.00 | 128.01 | 71.99 | $ | 2,275.04 |
| 08-14-2009 | Payment On Account | $ 200.00 | 0.00 | 153.13 | 46.87 | $ | 2,121.91 |
| 01-21-2010 | Payment On Account | $ 250.00 | 0.00 | 199.31 | 50.69 | $ | 1,922.60 |
| 05-27-2010 | Payment On Account | $ 200.00 | 0.00 | 132.58 | 67.42 | $ | 1,790.02 |
| 10-19-2010 | Payment On Account | $ 250.00 | 0.00 | 200.57 | 49.43 | $ | 1,589.45 |
| 02-22-2011 | Payment On Account | $ 200.00 | 0.00 | 149.49 | 50.51 | $ | 1,439.96 |
| 05-26-2011 | Payment On Account | $ 200.00 | 0.00 | 160.23 | 39.77 | $ | 1,279.73 |
| 11-07-2011 | Payment On Account | $ 200.00 | 0.00 | 173.91 | 26.09 | $ | 1,105.82 |
| 02-16-2012 | Payment On Account | $ 200.00 | 0.00 | 160.01 | 39.99 | $ | 945.81 |
| 07-12-2012 | Payment On Account | $ 200.00 | 0.00 | 179.09 | 20.91 | $ | 766.72 |
| 10-13-2012 | Payment On Account | $ 250.00 | 0.00 | 175.36 | 24.64 | $ | 591.36 |
| | | | 0.00 | 237.33 | 12.67 | $ | 354.03 |
| | Claim Totals | | 150.01 | 3,143.97 | 2,054.02 | | |

Balance To Date:  $   368.37

The "Balance to Date" is the balance owed on the date the report was printed, including accrued interest and held payments.

SHELTONPROD021

**Connecticut Statutes**

**Title 37. INTEREST**

**Chapter 673. INTEREST**

*Current through P.A. 50 of the 2011 Regular Session*

**§ 37-1. Legal rate. Accrual as addition to debt**

(a) The compensation for forbearance of property loaned at a fixed valuation, or for money, shall, in the absence of any agreement to the contrary, be at the rate of eight per cent a year; and, in computing interest, three hundred and sixty days may be considered to be a year.

(b) Unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt

**Source:**

(1949 Rev., S. 6776; 1971, P.A. 783, S. 1; P.A. 79-364, S. 1.)

**History.** 1971 act added new Subsec. (b) providing that interest shall accrue as an addition to the debt; P.A. 79-364 changed rate of interest from six to eight per cent in Subsec. (a).

Certificate of Service

I hereby certify that on February 24, 2017, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Joanne S. Faulkner___

JOANNE S. FAULKNER ct04137